UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT - 1 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Shellielle S. Youhoing,         )
                                )
    Plaintiff,              )
                                )
    v.                      )   Civil Action No. *13-1520*
                                )
United States of America *et al.*, )
                                )
    Defendants.             )
_____)

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a resident of Jonesboro, Georgia, suing the United States, Attorney General Eric Holder, and the United States Department of Justice. Plaintiff alleges that she was "brutally attacked by a battalion of [male] officers [who] [k]icked down [her] front door without a warrant or justified causation . . . ." Compl. at 3. Plaintiff, who was pregnant at the time, further alleges that the officers held her and two of her children "hostage in their home at gun-point" and sexually assaulted her "[n]ot once but four [] consecutive times in United States law-enforcement custody." *Id.* Eventually, plaintiff "was dragged out of her home bare feet and partially naked . . . . [B]y the time [she] made it to the hospital, she started hemorrhaging" and suffered a miscarriage. *Id.* at 6.

1

In this civil action, plaintiff is not suing the United States for the alleged horrid events that took place in Clayton County, Georgia, but rather for DOJ's alleged failure to investigate the matter. *See* Compl. at 7-8. Unfortunately for plaintiff the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution. As a general rule applicable to the circumstances of this case, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *see accord Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 81 (D.D.C. 2010) (citing cases); *Martinez v. U.S.*, 587 F. Supp. 2d 245, 248-49 (D.D.C. 2008) (same). Hence, this court has no choice but to dismiss the case. A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date: September 25, 2013